IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-018-TAV-HBG |
| ANKUR KHEMANI, GUARAV BHASIN, | ) | |
| MARILYN STERK, JENNIFER STERK, | ) | |
| and TERESA STERK VANBAALE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court are Defendant Marilyn Sterk's Motion to Continue [Doc. 75], Defendant VanBaale's Motion to Adopt [Doc. 76], and Defendant Jennifer Sterk's Motion to Adopt [Doc. 78].

The parties came before the Court via telephone on April 12, 2021 for a motion hearing. Assistant United States Attorney Frank Dale appeared on behalf of the Government. Attorney Norman McKellar appeared on behalf of Defendant Khemani, Attorney David Fautsch appeared on behalf of Defendant Marilyn Sterk, Attorney Robert Kurtz appeared on behalf of Defendant Jennifer Sterk, and Attorney Frederic Brown appeared on behalf of Defendant VanBaale.[1]

Defendant Marilyn Sterk seeks [Doc. 75] to continue the June 8, 2021 trial date and other related deadlines in this case. Defendant Marilyn Sterk claims that additional time is necessary due

---

[1] Attorney Mike Whalen did not appear on behalf of Defendant Bhasin; however, Defendant Marilyn Sterk's Motion to Continue [Doc. 75] notes that "counsel for Mr. Guarav Bhasin . . . consents to this motion." [*Id.* at 2].

to the recent withdrawal of previous counsel [Doc. 74], a scheduling conflict with current counsel, voluminous provided discovery, and difficulties communicating with her counsel due to the COVID-19 pandemic. During the hearing, AUSA Dale stated that the Government took no position on the pending motion. The parties subsequently agreed on a new trial date of November 16, 2021.

The Court finds Defendant Marilyn Sterk's Motion to Continue [Doc. 75], Defendant VanBaale's Motion to Adopt [Doc. 76], and Defendant Jennifer Sterk's Motion to Adopt [Doc. 78] to be well-taken. The Court finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Due to the voluminous discovery, difficulties in communicating with all Defendants stemming from the COVID-19 virus, as well as the recent retention of Defendant Marilyn Sterk's counsel, the Court finds that continuing the trial for approximately five months is necessary in this case in order to give counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Marilyn Sterk's Motion to Continue [**Doc. 75**], Defendant VanBaale's Motion to Adopt [**Doc. 76**], and Defendant Jennifer Sterk's Motion to Adopt [**Doc. 78**] are **GRANTED**, and the trial is reset to **November 16, 2021**. The Court finds that all the time between the filing of the motion for a continuance on **April 2, 2021**, and the new trial date of **November 16, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the deadline for concluding plea negotiations is reset to **October 18, 2021.** The parties are to appear before the undersigned for a final pretrial conference on **November 2, 2021 at 11:00 a.m.** The Court instructs the parties that all motions *in limine* must also be filed no later than **November 1,**

**2021**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 5, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Marilyn Sterk's Motion to Continue [**Doc. 75**], Defendant VanBaale's Motion to Adopt [**Doc. 76**], and Defendant Jennifer Sterk's Motion to Adopt [**Doc. 78**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **November 16, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **April 2, 2021**, and the new trial date of **November 16, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations is reset to **October 18, 2021**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **November 2, 2021 at 11:00 a.m.**;

(6) The Court instructs the parties that all motions *in limine* must be filed no later than **November 1, 2021**; and

(7) Special requests for jury instructions shall be submitted to the District Judge no later than **November 5, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge