UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:20-CR-18-TAV-JEM-3 |
| MARILYN STERK, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 259], and counseled emergency supplement thereto [Sealed Doc. 262]. The government has responded, deferring to the Court as to whether defendant's immediate release is appropriate [Sealed Doc. 267]. For the reasons set forth more fully below, defendant's motion for compassionate release [Docs. 259, 262] is **GRANTED**.

**I.     Background**

On November 7, 2022, defendant pled guilty to conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. §§ 1349, 1341, 1343 (Count 1), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2) [Docs. 98, 108]. On January 9, 2024, the Court sentenced defendant to 30 months' imprisonment, to be followed by 2 years of supervised release, and ordered restitution in the amount of $4,376,841.24 [Doc. 203]. Defendant is currently scheduled for release on October 10,

2025. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2025).

## I. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Docs. 259, 262].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## II. Analysis

### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34

3

(6th Cir. 2020).  "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'"  *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that the exhaustion requirement has been satisfied [Sealed Doc. 267, p. 4].  Accordingly, the Court will proceed to evaluate defendant's motion per the three-step test explained above.

### B. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13."  *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).  This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf.  *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release.  U.S.S.G. § 1B1.13 (2023).  It thus appears that the Sixth Circuit's prior ruling that § 1B1.13

4

is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6).

5

Defendant argues that she is suffering from a terminal illness that constitutes extraordinary and compelling grounds for relief under § 1B1.13(b)(1)(A).[1] The Guidelines' policy statement provides four situations when a defendant's medical condition may constitute an extraordinary and compelling reason for release, including, in relevant party, when: "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)." U.S.S.G. § 1B1.13(b)(1)(A). That policy statement further sets forth examples of such terminal illnesses, which includes "metastatic solid-tumor cancer[.]" *Id.*

Here, the medical records show that defendant was diagnosed with thyroid carcinoma in 2014 [Sealed Doc. 262-3, pp. 4–7, 25, 230–31, 246, 254–55, 292]. As a result, her thyroid was removed at the Mayo Clinic in Rochester, Minnesota [*Id.*]. Subsequent scans "showed pulmonary nodules" [*Id.* at 212, 230–31, 246, 254]. A PET scan in December 2024 revealed an increase in metastatic lung nodules [*Id.* at 38, 47–50, 53, 211–18, 222–23]. The government concurs that defendant's diagnosis of "tall cell variant papillary thyroid cancer with metastasis to the lungs . . . satisfies the plain text of § 1B1.13(b)(1)(A)" [Sealed Doc. 267, p. 6 (internal quotation marks omitted)].

---

[1] Defendant also argues that extraordinary and compelling circumstances exist under § 1B1.13(b)(1)(C), because her medical condition requires specialized care that is not being consistently provided, creating a risk of serious deterioration to her health [Sealed Doc. 262, p. 6] and under § 1B1.13(b)(5) based on the combination of her unique circumstances [*Id.* at 11]. However, because the Court finds that defendant has established extraordinary and compelling grounds for relief under § 1B1.13(b)(1)(A), it need not address these alternate arguments.

6

The Court agrees with both defendant and the government that defendant's diagnosis of thyroid cancer with the increasing development of metastatic lung nodules meets the definition of a "terminal illness" under § 1B1.13(b)(1)(A). Accordingly, the Court finds that defendant has established extraordinary and compelling grounds for release. The Court now turns to the § 3553(a) factors.

C.     **Section 3553(a) Factors**

Section "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). 18 U.S.C. § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

Considering the § 3553(a) factors in light of defendant's instant motion, the Court, after due consideration, finds that the balance of these factors do not preclude the granting of compassionate release. The Court has considered the nature and circumstances of the

7

defendant's offenses and defendant's history and characteristics, including the defendant's personal characteristics, criminal history, and post-sentencing conduct. The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.

The Court recognizes the seriousness of this conduct. While, as defendant points out, this case did not involve violence, use of firearms, or physical harm to others [Sealed Doc. 262, p. 13], it did involve serious financial harm to a large number of vulnerable victims. However, the Court notes defendant's lack of any criminal history prior to the instant convictions, and her lack of any disciplinary sanctions while incarcerated [Doc. 262-6]. As seen through her medical records, defendant has spent a significant portion of her time while incarcerated seeking to manage her health, but she has also completed 10 hours of programming [Doc. 262-8] and has served as a chapel orderly [Doc. 262-7]. Moreover, defendant has served a significant portion of her custodial sentence, and is currently due to be released in approximately three months. And, as the Sixth Circuit has acknowledged, "the amount of time served is relevant to several § 3553(a) factors." *United States v. Kimball*, 988 F.3d 945, 947 (6th Cir. 2021).

Ultimately, having considered the relevant § 3553(a) factors and the record before it, the Court finds that these factors support defendant's compassionate release. The exhaustion requirement has been satisfied, an extraordinary and compelling reason exists, and the applicable § 3553(a) factors support compassionate release; therefore, the Court finds compassionate release to be appropriate. Defendant's motion for compassionate release [Docs. 259, 262] is hereby **GRANTED**.

### III. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Docs. 259, 262] is **GRANTED** and defendant's sentence is **REDUCED** to <u>**time served**</u>. Except as otherwise provided in this order, all provisions of the judgment dated January 9, 2024 [Doc. 203] shall remain in effect.

IT IS SO ORDERED.

<pre>
                              s/ Thomas A. Varlan
                              UNITED STATES DISTRICT JUDGE
</pre>